**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**

|  |  |  |
|---|---|---|
| Brandon Potts, | ) | 2:25-cv-9579-JFA-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| The United States of America, NaphCare, | ) | **Includes a Claim Under 42 U.S.C. § 1983** |
| Inc., Timothy Young, M.D., Olusegun | ) | |
| Taiwo, FNP-C, John Doe, Jane Doe, | ) | *(jury trial demanded for all claims for* |
| ABC Inc., and XYZ Corp., | ) | *which a jury trial is permitted)* |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PREAMBLE**

Plaintiff has complied with all statutory pre-suit requirements. See Form 95's and corresponding exhibits served on the United States of America, attached hereto as **Exhibit 1**. As of the date of this filing, Defendant United States of America has not made a final disposition of Plaintiff's pre-suit claims and therefore this suit is timely pursuant to 28 U.S.C. § 2675(a) and 45 C.F.R. § 35.2(b). With regard to any aspect of this pleading sounding in medical negligence, Plaintiff has completed all pre-suit filing requirements of South Carolina Code § 15-79-125, including the filing of a Notice of Intent to File Suit (C/A No.: 2025-NI-19-00001) and all the matters associated therewith. Further, in accordance with S.C. Code § 15-36-100, Plaintiff's Notice of Intent to File Suit contained a contemporaneous filing of affidavit of merit, a copy of which is also attached hereto as **Exhibit 2**.

********************

Plaintiff Brandon Potts, by and through his undersigned counsel, complaining of the Defendants, upon information and belief, would allege, show, and state as follows:

- 1 -

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff Brandon Potts is a citizen and resident of the United States of America. At all times relevant to this action, Plaintiff was in the custody of the Federal Bureau of Prisons.

2.    As a result of the conduct alleged herein, Plaintiff was granted compassionate release from federal custody pursuant to 18 U.S.C. § 3582(c)(1)(A), attached hereto as **Exhibit 3**.

3.    Defendant The United States of America ("The United States") has jurisdiction and control over the agency and, upon information and belief, its employees whose wrongful, negligent, reckless, and/or deliberately indifferent conduct injured Plaintiff as alleged herein.

4.    Upon information and belief, the Federal Bureau of Prisons is an agency of The United States, and its officials, agents, and employees, operate the federal correctional facilities in Edgefield County, South Carolina ("FCI Edgefield") and Atlanta, Georgia ("USP Atlanta").

5.    Upon information and belief, Defendant NaphCare, Inc. ("NaphCare"), is a corporation operating in South Carolina and Georgia.

6.    At all times relevant to this action, Naphcare was a healthcare provider providing healthcare and/or scheduling services at FCI Edgefield and USP Atlanta.

7.    Defendant Timothy Young, M.D. ("Dr. Young"), at all times relevant to this action, is/was a physician who was providing healthcare services at FCI Edgefield.

8.    Defendant Olusegun Taiwo, FNP-C (Nurse Taiwo), at all times relevant to this action, is/was an advanced nurse care provider who was providing healthcare services at FCI Edgefield.

9.    Although Plaintiff has made diligent and reasonable efforts to identify the names/identity of those defendants who should held liable in this civil action, because the records and medical records provided by the Defendants may be incomplete, resulting in Plaintiff being unable to identify the names of the individuals involved in Plaintiff's treatment, Defendant John Doe and Defendant Jane Doe are presented as placeholders for later substitution.

- 2 -

10. Although Plaintiff has made diligent and reasonable efforts to identify the names/identity of those defendants who should held liable in this civil action (as well as the identity of the legal entities who employed the negligent and grossly negligent individuals), in the event that discovery reveals otherwise and evidences the existence of claims against other legal entities, Defendant ABC Inc. and Defendant XYZ Corp. are presented as placeholders for later substitution.

11. Upon information and belief, at all times material hereto, Dr. Young, Nurse Taiwo, John Doe and Jane Doe were acting as the employees, actual agents, ostensible agents, and/or apparent agents for The United States of America, Naphcare, ABC, Inc and/or XYZ, Corp. and acting within the scope of their employment and/or agency.

12. Upon information and belief, at all times material hereto, all other physicians, nurses, technicians, and other medical staff who provided medical care for Plaintiff while he was incarcerated at FCI Edgefield and/or USP Atlanta were the employees, actual agents, ostensible agents and/or apparent agents of The United States of America, Naphcare, ABC, Inc. and/or XYZ, Corp. and were acting within the scope of their employment and/or agency.

13. Pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, non-delegable duty, and/or respondeat superior, both directly and vicariously, the negligent acts, omissions, and liability of all Defendants includes that of their actual agents, ostensible agents, apparent agents, principals, employees, and/or servants.

14. At all times pertinent to this action, a healthcare provider-patient relationship existed between the Defendants and the Plaintiff.

15. This Court has jurisdiction over Defendants in this matter pursuant to 42 U.S. Code § 233, 28 U.S.C. § 1331, 28 U.S. Code § 1367, 42 U.S. Code § 1983, violations of civil rights, and the Eighth and Fourteenth Amendments to the United States Constitution.

16. Venue is proper in this Court pursuant 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

17. As early as June of 2022, Plaintiff was an inmate at FCI-Edgefield.

18. In June of 2022, Plaintiff presented to Defendants at FCI-Edgefield with complaints associated with two black lesions on his skin that had increased in size over the past year.

19. On August 9, 2022, an examination was conducted by Defendants, and it was determined that Plaintiff needed to see an outside provider for a dermatology consultation, with a target date of that appointment being set for September 2022.

20. Plaintiff was not seen by an outside dermatologist until on or about December 27, 2022. At that appointment, a biopsy of the skin lesions was performed.

21. The subsequent results of that biopsy indicated that Plaintiff likely had skin cancer.

22. Shortly thereafter, on January 6, 2023, and January 18, 2023, the outside dermatologist wrote to the attention of the Defendants at FCI-Edgefield and stated that Plaintiff needs to be seen by a surgical oncologist "ASAP" to check his lymph nodes and possibly begin chemotherapy treatment.

23. Defendants failed to refer Plaintiff to a surgical oncologist.

24. Further, Defendants failed to inform Plaintiff of the results of his biopsy.

25. Plaintiff was transferred to USP-Atlanta in May 2023.

26. On June 23, 2023, Plaintiff informed the healthcare providers at USP Atlanta that he had continuing pain, and that he had never received the results from the December 2022 biopsy.

27. On or about June 26, 2023, Plaintiff was finally informed of the biopsy results.

28. Plaintiff was first seen by an oncologist on July 27, 2023.

29. On August 9, 2023, a positron emission tomography CT ("PET CT") of the whole body found, "1. Intensely hypermetabolic skin lesion within the left anterior chest wall, consistent with

known primary malignancy. 2. Hypermetabolic bilateral axillary lymph nodes are concerning for nodal metastatic disease."

30. On October 3, 2023, an ultrasound-guided fine needle aspiration ("FNA") of the left axillary lymph nodes revealed the presence of malignant cells, and Plaintiff was diagnosed with stage III metastatic malignant melanoma.

31. Defendants, by and through their agents, servants and/or employees, were negligent, grossly negligent, careless, reckless, wanton, and deviated from accepted medical standards with regard to Plaintiff. Including other particulars as discovery and/or trial may reveal, Defendants, by and through their agents, servants and/or employees, were negligent, grossly negligent, reckless, careless, wanton, and deviated from accepted medical standards in the following particulars: (a) failing to undertake reasonable efforts to timely schedule Plaintiff's consultation with a dermatologist; (b) failing to undertake reasonable efforts to review the biopsy results; (c) failing to consult with the dermatologist regarding Plaintiff's recommended treatment plan; (d) failing to schedule Plaintiff for treatment in accordance with the dermatologist's recommendation; (e) failing to inform Plaintiff of his biopsy results; (f) failing to timely communicate between FCI Edgfield and USP Atlanta the Plaintiff's biopsy results and the recommendations of the dermatologist; (g) failing to appropriately examine Plaintiff and review his medical history; (h) failing to undertake reasonable efforts to obtain timely oncology treatments; (i) failing to appropriately supervise employees/agents; and (j) failing to adopt, promulgate, and/or educate healthcare providers on appropriate policies, procedures, and protocols.

32. Because of Defendants' negligence, gross negligence, recklessness, carelessness, wantonness, and deviations from accepted medical standards, Plaintiff's skin lesion metastasized and subsequently spread and grew for a considerable period of time, thereby requiring different and more extensive treatment(s) and worsening his prognosis.

**FOR A FIRST CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(*Negligence / Gross Negligence / Recklessness / Medical Malpractice*)**

33. Each and every allegation contained herein is incorporated by reference and realleged as if fully set forth herein and repeated herein verbatim.

34. For the reasons set forth herein and further determined through discovery in this matter, the Defendants, individually and by and through their employees, agents and servants operating within the scope of their employment and agency, deviated from the applicable standard of care and were negligent, grossly negligent, reckless, careless, and/or wanton as relates to Plaintiff.

35. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, careless, and/or wanton conduct described herein, the cancer was allowed to grow and spread substantially during the time it went untreated thus requiring different care, greater treatment, and worsening Plaintiff's prognosis.

36. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, careless, and wanton conduct, Plaintiff suffered in the past and will continue in the future to suffer the following injuries and damages for which he is entitled to receive compensation: (a) permanent physical injury and impairment; (b) pain and suffering; (c) loss of enjoyment of life; (d) impairment of health; (e) loss of life expectancy; (f) mental and emotion anguish; (g) expenditure of money for medical expenses, therapies, and other ancillary medical and health-related services; (h) lost income and loss of household services; and (i) other damages as may be revealed in discovery and/or proven at trial.

37. Due to the aforementioned injuries that Defendants proximately caused as a result of their violations of the standard of care, as well as their negligent, grossly negligent, careless, reckless, willful and/or wanton conduct described above, Plaintiff is entitled to actual damages, consequential damages, and punitive damages from the Defendants in the amounts determined.

- 6 -

**FOR A SECCOND  CAUSE OF ACTION**
**AGAINST DEFENDANTS NAPHCARE, YOUNG, TAIWO,**
**JOHN DOE, JANE DOE, ABC INC., AND XYZ CORP.**
**(U.S. Constitutional Violations – 42 U.S.C. § 1983)**

38.   Each and every allegation contained herein is incorporated by reference and realleged as if fully set forth herein and repeated herein verbatim.

39.   At all relevant times, Defendants were persons acting under color of state law, and are sued in the capacities set forth above for violating the Plaintiff's constitutional rights afforded to him by the Eight and Fourteenth Amendments to the United States Constitution.

40.   At all relevant times, NaphCare and its agents/employees were performing essential governmental functions normally performed by the Federal Bureau of Prisons. The complained of actions by NaphCare were carried out pursuant to the official policy and custom of NaphCare, and/or were directly perpetrated by NaphCare final policymakers.

41.   At the time of the incidents at issue, the Plaintiff had clearly established rights under the United States Constitution, which included: (a) to be free from any punishment; (b) to be free from government conduct that shocks the conscience; (c) to be free from cruel and unusual punishment; (d) to be free from deliberate indifference to a substantial risk of serious harm; (e) to be free from state created danger; (f) to bodily integrity; and (g) to receive adequate medical care and be free from deliberate indifference to serious medical needs.

42.   Defendants NaphCare, Young, Taiwo, John Doe, Jane Doe, ABC Inc., and XYZ Corp. violated these clearly established rights in the ways described in summary form herein and in ways that will be uncovered in discovery and at trial.

43.   Plaintiff had a medical condition or injury that posed a substantial risk of serious harm. Defendants NaphCare, Young, Taiwo, John Doe, Jane Doe, ABC Inc., and XYZ Corp. intentionally, knowingly, and/or recklessly acted or failed to act to appropriately address the risk

- 7 -

that the condition posed.  The aforementioned Defendants knew or should have known that Plaintiff had the condition and that their action(s) and/or inaction(s) posed unjustifiably high risk of harm to Plaintiff. As a result of these action(s) and/or inaction(s), Plaintiff was harmed.

44.  The unconstitutional misconduct described herein was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for the Plaintiff's clearly established constitutional rights.

45.  As a direct and proximate result of the above constitutional violations, Plaintiff suffered serious physical, psychological, and emotional injury.

***\*\*\* IN THE ALTERNATIVE \*\*\**** [1]
**FOR A THIRD  CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(Wrongful Death)**

46.  Each and every allegation contained herein is incorporated by reference and realleged as if fully set forth herein and repeated herein verbatim.

47.  As described in the paragraphs above, the Defendants, individually and by and through their agents and/or servants and/or employees, were negligent, grossly negligent, reckless, and/or wanton, thereby proximately causing Plaintiff's death.[1]

48.  As a direct and proximate result of Plaintiff's death, his statutory beneficiaries, have and will suffer the following injuries and damages, for which they are entitled to compensation: (a) pecuniary loss; (b) grief; (c) shock; (d) sorrow; (e) wounded feelings; (f) loss of companionship

---

[1] Although Plaintiff is currently living, it is anticipated that he will die as a result of the cancer at issue in this case. Upon further information and belief, his death, more likely than not, will be a result of the Defendants' acts and omissions complained of and set forth herein. In the event that Plaintiff does not succumb to cancer during the pendency of this case, this alternative cause action will not be pursued. However, if such death does occur during the pendency of this lawsuit, this alternative cause of action for wrongful death, to be brought pursuant to S.C. Code § 15-51-10, *et seq.*, should be deemed to apply. **In summary, this alternative action should be deemed to have been brought only in the event that Mr. Potts passes away during the pendency of this case.**

and society; (g) the loss of Plaintiff's advice on family matters; and (h) other injuries and damages as may be revealed in discovery and/or proven at trial.

49.  Due to the aforementioned injuries proximately caused by Defendants' negligent, grossly negligent, reckless, careless, and/or wanton conduct described above, Plaintiff's statutory beneficiaries are entitled to actual damages, consequential damages, and punitive damages from the Defendants in the amounts as a jury may determine.

## JURY TRIAL DEMANDED

50.  Plaintiff hereby requests a jury trial as to the claims against any and all Defendants against whom the law permits.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays the Court hold the Defendants liable for the conduct complained of herein, to enter judgment against the Defendants in favor of the Plaintiff, and to award actual damages, consequential damages, and any such further relief as the Court may deem just and proper.

Respectfully submitted,

August 1, 2025
Columbia, South Carolina

*s/ Francis M. Hinson, IV*
Francis M. "Brink" Hinson, IV (Fed ID # 9997)
Carl D. Hiller (Fed ID # 11755)
Katie Martin (Fed ID # 14300)
2020 Assembly Street
Columbia, SC 29201
T: 803-400-8277
E: brink@hhplawgroup.com
E: carl@hhplawgroup.com
E: katie@hhplawgroup.com
***Attorneys for the Plaintiff***

- 9 -